Scott Maurer (CSB #180830)
Erica Pun (Certified Law Student #20046)
ALEXANDER COMMUNITY LAW CENTER
1030 The Alameda
San José, CA 95126
Phone:   (408) 288-7030
Fax:      (408) 288-3581

Attorney for Plaintiff, Tung X. Nguyen

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| TUNG X. NGUYEN,<br><br>    Plaintiff<br><br>v.<br><br>ROY GADRI dba Van Nuys Financial,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA ROSENTHAL ACT AND CALIFORNIA CIVIL CODE § 1812.700** *et seq*. |

**INTRODUCTION**

1.  TUNG X. NGUYEN is a 59 year old Vietnamese immigrant who works as a lamination technician to support his family. He owns his own home and resides there with his wife and their 11 year old daughter. Defendant ROY GADRI is a debt collector. GADRI sued TUNG X. NGUYEN for a debt some other person named Tung Nguyen incurred, obtained a default judgment and caused a Notice of Lien to be served upon TUNG X. NGUYEN. Even after NGUYEN s attorneys brought the mistake of identity to GADRI s attention, and GADRI had conceded that TUNG X. NGUYEN was not the true debtor,

COMPLAINT

1  GADRI refused to voluntarily set aside the judgment.  To date, he continues to refuse to provide TUNG X. NGUYEN with a release of lien, so that the title to TUNG X. NGUYEN s home remains clouded.

2. The following paragraphs are alleged on information and belief: 5 & 25

## JURISDICTION AND VENUE

3. Jurisdiction is proper in the Federal District Court pursuant to 28 U.S.C. § 1331, on the basis that the defendant by an act or omission violated federal law.  Venue is proper in the Northern District in that all the actions complained of herein occurred in this judicial district.

## PARTIES

4. Plaintiff TUNG X. NGUYEN is a natural person, who resides in San Jose, California. Plaintiff is a  consumer  as defined by 15 U.S.C. § 1692a(3) and a  debtor  within the meaning of Cal. Civ. Code § 1788.2(h).

5. Defendant ROY GADRI dba VAN NUYS FINANCIAL (hereinafter  VAN NUYS FINANCIAL ), is a natural person doing business in the State of California.  Defendant is a  debt collector  as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

## FACTUAL BACKGROUND

6. The name  Tung Nguyen  is very common: there are twenty-three Tung Nguyens listed in the San Jose white pages.

7. On or about November 6, 2006 Defendant sent Mr. NGUYEN a letter demanding payment for an alleged debt in the amount of $22,685.00.  This was the first letter VAN NUYS FINANCIAL sent to Mr. NGUYEN regarding the account.  A true and accurate copy of the letter is attached as Exhibit A and incorporated herein by reference.

8. Within 30 days of receiving the letter, on November 8, 2007, Mr. NGUYEN sent a letter to VAN NUYS FINANCIAL disputing the debt.  The letter constitutes a dispute within

the meaning of 15 U.S.C. § 1692g(b).  A true and accurate copy of the letter is attached as Exhibit B and incorporated herein by reference.

9. Defendant never responded to Mr. NGUYEN S letter.  Defendant did not supply written or any other verification of the debt to Mr. NGUYEN.

10. On or about November 30, 2006, Defendant commenced a lawsuit against Mr. NGUYEN in Superior Court in the County of Santa Clara for the debts alleged in the November 6, 2006 letter.

11. On or about February 21, 2007, Defendant obtained a default judgment against Mr. NGUYEN.

12. On or about March 2, 2007 Mr. NGUYEN received a written Notice of Lien with an attached Abstract of Judgment.

13. The Social Security Number listed on the Abstract of Judgment is not Mr. NGUYEN s Social Security Number.

14. Through his counsel, Mr. NGUYEN made VAN NUYS FINANCIAL aware that the Social Security Number on the Abstract of Judgment was not his.

15. VAN NUYS FINANCIAL acknowledged to Mr. NGUYEN s counsel that Mr. NGUYEN was not the true debtor.  However, VAN NUYS FINANCIAL refused to stipulate to set the default judgment aside.  As a result, TUNG X. NGUYEN s counsel were required to spend a great number of hours drafting and filing a motion to set aside the default judgment.  The motion was eventually granted.

16. Mr. TUNG X. NGUYEN, through counsel, has repeatedly requested that VAN NUYS FINANCIAL provide him with a Release of Lien.  VAN NUYS FINANCIAL has ignored the requests.

## FIRST CAUSE OF ACTION

(Violation of the Federal FDCPA)

17. Plaintiff refers to and incorporates all previous paragraphs as though fully set forth herein.

18. By continuing to attempt to collect a debt without providing written verification of the disputed debt after Mr. NGUYEN notified VAN NUYS FINANCIAL in writing that he disputed the debt, Defendant violated 15 U.S.C. § 1692g(b).

19. By refusing to voluntarily set aside a default judgment against a person known not to be the true debtor, VAN NUYS FINANCIAL violated 15 U.S.C. § 1692f.

20. By refusing to voluntarily provide a Release of Lien, VAN NUYS FINANCIAL violated 15 U.S.C. § 1692f.

## SECOND CAUSE OF ACTION

(Violation of the Rosenthal Act)

21. Plaintiff refers to and incorporates all previous paragraphs as though fully set forth herein.

22. Defendant s violations of Federal law, as specified in the First Cause of Action, violate Cal. Civ. Code § 1788.17.

## THIRD CAUSE OF ACTION

(Violation of the Cal. Civ. Code § 1812.700 *et seq.*)

23. Plaintiff refers to and incorporates all previous paragraphs as though fully set forth herein.

24. By failing to include the notice about debtor s rights required by California Civil Code § 1812.700(a) on the document attached as Exhibit A, Defendant violated California

Civil Code § 1812.700 *et seq*.

25. Defendant willfully and knowingly failed to comply with the requirement of Cal. Civ. Code § 1812.700 *et seq*.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that this court:

**With respect to First Cause of Action (violation of the Federal FDCPA):**

    a. Award actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Award statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. Award Plaintiff attorney s fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

    d. Award Plaintiff such other and further relief as the Court may deem proper.

**With respect to Second Cause of Action (violation of the Rosenthal Act):**

    a. Award actual damages pursuant to Cal. Civ. Code § 1788.17;

    b. Award statutory damages pursuant to Cal. Civ. Code § 1788.17;

    c. Award Plaintiff attorney s fees and costs pursuant to Cal. Civ. Code § 1788.17; and

    d. Award Plaintiff such other and further relief as the Court may deem proper.

**With respect to Third Cause of Action (violation the Cal. Civ. Code § 1812.700 *et seq*.):**

    a. Award statutory damages of up to $1,000 pursuant to Cal. Civ. Code § 1788.30(b);

    b. Award Plaintiff attorney s fees and costs pursuant to Cal. Civ. Code § 1788.30(c); and

    c. Award Plaintiff such other and further relief as the Court may deem proper.

Respectfully Submitted,          ALEXANDER COMMUNITY LAW CENTER

Dated <u>October 11, 2007</u>          _____/s/_____
                                          Erica Pun
                                          Certified Law Student*

                                          _____/s/_____
                                          Scott Maurer
                                          Supervising Attorney*

*Pursuant to State Bar Rules Governing the Practical Training of Law Student.