1  Julius Shaun Jefferson (CLS# 20597)
2  Scott Maurer (CSB #180830)
   ALEXANDER COMMUNITY LAW CENTER
3  1030 The Alameda
   San José, CA 95126
4  Phone:   (408) 288-7030
5  Fax:     (408) 288-3581

6  Attorneys for Plaintiff, Tung X Nguyen

7
8                    UNITED STATES DISTRICT COURT
9              NORTHERN DISTRICT OF CALIFORNIA
10                      (SAN JOSE DIVISION)
11

12 TUNG X. NGUYEN,                 )   Case No. C07 05218 JF
                                   )
13      Plaintiff                  )   NOTICE OF MOTION AND
                                   )   MEMORANDUM OF POINTS AND
14                                 )   AUTHORITIES IN SUPPORT OF
                                   )   DEFAULT JUDGMENT AND RELEASE
15 v.                              )   OF LIEN
                                   )
16                                 )
17 ROY GADRI dba Van Nuys Financial,)  Judge: The Hon. Jeremy Fogel
                                   )   Dept:  Courtroom 3, 5th Floor
18      Defendant.                 )   Date:  June 27, 2008
                                   )   Time:  9:00 a.m.
19 ─────────────────────────────────

20
21
22
23
24
25
26
27
28

MOTION FOR DEFAULT JUDGMENT AND RELEASE OF LIEN          CASE. NO. C07 05218 JF

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................. 1

II. PROCEDURAL CONTEXT ..................................................... 1

III. STATEMENT OF FACTS ....................................................... 2

IV. TUNG X. NGUYEN IS ENTITLED TO AN AWARD OF DAMAGES ............... 3

    A. Mr. Nguyen is Entitled to $1,000 in Statutory Damages Pursuant to
       15 U.S.C. §1692k ........................................................ 3

       1. Van Nuys Financial Violated §1692g(b) By Failing to Provide
       Written Verification of the Disputed Debt After Mr. Nguyen Notified Van
         Nuys Financial in Writing That He Disputes the Alleged Debt ............ 4

       2. Van Nuys Financial Violated §1692f By Refusing to Voluntarily
       Set Aside a Default Judgment Against a Person Known Not to be the True
       Debtor and Refusing to Voluntarily Provide a Release of Lien ............ 5

       3. This court should award Mr. Nguyen the maximum statutory damage
         amount of $1,000 ................................................... 6

    B. Mr. Nguyen is Entitled to $1,000 in Statutory Damages Pursuant to Cal. Civil
       Code §1788.17: ........................................................ 7

    C. Mr. Nguyen is Entitled to $1,000 in Statutory Damages Pursuant to Cal. Civil
       Code §1788.30(b) ...................................................... 7

    D. Mr. Nguyen is Entitled to $4,000 in Actual Damages Pursuant to 15 U.S.C.
       §1692k(a)(1) ........................................................... 8

VI. MR. NGUYEN HAS A STATUTORY RIGHT TO ATTORNEYS' FEE ............. 9

    A. Computation of Reasonable Attorneys' Fees ............................. 9

    B. The Number of Hours Claimed by Plaintiff's Attorneys is Reasonable ......... 10

    C. The Hourly Rates Claimed by Plaintiff's Attorney are Reasonable ............ 11

    D. Lodestar Amount ..................................................... 12

E.  Neither the Fact That Plaintiff Was Represented Without Charge Nor the Size of
     Plaintiff's Award Should limit Plaintiff's Fee Award ........................ 12

VII. CONCLUSION ............................................................. 13

## TABLE OF AUTHORITIES

**Federal Cases**

Black v. Lane, 22 F.3d 1395 (7th Cir. 1994) .................................................. 2

Blum v. Stenson, 465 U.S. 886 (1984) .......................................................... 12

Chapman v. ACB Business Servs., Inc., 1997 U.S.Dist. LEXIS 23743 (S.D.W.V. 1997) ...... 8

Chiverton v. Fed. Fin. Group, Inc., 399 F. Supp. 2d 96 (D. Conn. 2005) ................... 8

City of Riverside v. Rivera, 477 U.S. 561 (1986) .......................................... 12

Grassley v. Debt Collectors, 1992 U.S.Dist. LEXIS 22782 (D. Or. 1992) ..................... 9

Kimber v. Federal Financial Corp., 668 F. Supp. 1480 (M.D. Ala. 1987) ..................... 6

Masuda v. Thomas Richards & Co., 759 F. Supp. 1456 (C.D. Cal. 1991) .................... 5, 6

Missouri v. Jenkins, 491 U.S. 274 (1989) ..................................................... 12

N. C. Freed Co., Inc. v. Bd. of Governors of Fed. Reserve Sys., 473 F.2d 1210 (2d Cir. 1973) . 5

Nelson v. Equifax Info. Servs. LLC, 522 F. Supp. 2d 1222 (C.D.Cal. 2007) .................. 8

Perez v. Perkiss, 742 F. Supp. 883 (D. Del. 1990) ............................................ 9

Pipiles v. Credit Bureau, Inc., 886 F.2d 22 (2d Cir. 1989) .................................... 9

Riviera v. M.A.B., 682 F. Supp. 174 (W.D.N.Y. 1988) ......................................... 6

Taylor v. Fink, 1994 WL 669605 (N.D. Ill. 1994) ............................................... 4

TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915 (9th Cir. 1987) .......................... 2

Teng v. Metropolitan Retail Recovery, 851 F. Supp. 61 (E.D.N.Y. 1994) ....................... 8

Tolentino v. Friedman, 46 F.3d 645 (7th Cir. 1995) ........................................ 6, 9

Zagorski v. Midwest Billing Services, Inc., 178 F.3d 1164 (7th Cir. 1997) ..................... 9

**State Cases**

Folsom v. Butte County Ass'n of Govt's, 32 Cal. 3d 668 (1982) ............................... 12

Serrano v. Unruh, 32 Cal. 3d 621 (1982) .................................................. 10, 11

Serrano v. Priest, 20 Cal. 3d 25 (1997) ....................................................... 10

Stokus v. Marsh, 217 Cal. App. 3d 647 (1990) ........................................ 10,12

Sundance v. Municipal Court, 192 Cal. App. 3d 268 (1987) ..................... 10,12

Venes v. Professional Service Bureau Inc., 353 N.W. 2d 671 (1984) ............. 11

**Federal Statutes**

15 U.S.C.§1692b ............................................................................................ 7

15 U.S.C.§1692e (11) .................................................................................... 6

15 U.S.C. §1692f ........................................................................................ 5, 6

15 U.S.C.§1692j ............................................................................................ 7

15 U.S.C. §1692k(a)(1) .................................................................................. 8

15 U.S.C. §1692k(a)(2)(A) ..................................................................... 3, 7, 8

15 U.S.C §1692k(a)(3) .............................................................................. 9, 12

15 U.S.C. §1692k(b)(1) .............................................................................. 2, 3

15 U.S.C.§1692g ............................................................................................ 8

15U.S.C. §1692g(b) .................................................................................... 4, 5

15 U.S.C. §1692n ............................................................................................ 7

**State Statutes**

Cal. Civil Code §1788.17 .......................................................................... 7, 8

Cal. Civil Code §1788.30(b) ..................................................................... 7, 8

Cal. Civil Code §1788.30(c) ......................................................................... 9

**Agency**

FTC Agency Letter, March 10, 1993 (Wollman) ........................................... 5

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on June 27, 2008 at 9:00 a.m. or as soon thereafter as the matter may be hard in Courtroom 3 of the above-titled court, located at the Federal Building, 280 South First Street, San Jose, CA, plaintiff will move the Court for a default judgment.

The motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Tung X. Nguyen, the Declaration of Scott Maurer, the documents attached thereto, and such evidence as may be presented at the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

In his complaint, Mr. Nguyen sought relief from the unlawful actions of Defendant Roy Gadri dba Van Nuys Financial (hereafter VNF), which resulted in a judgment lien being placed upon Mr. Nguyen's real property located in Santa Clara. Mr. Nguyen now brings this motion for default judgment seeking $4,000 in actual damages, $3,000 in statutory damages, $7,178.50 in attorney fees, and $745 in costs. Thus, Mr. Nguyen seeks a total judgment in the amount of $14,923.50. He also seeks a recordable document to aid in the release of the lien wrongfully filed against his property.

**II. PROCEDURAL CONTEXT**

The defendant was served on December 19, 2007 and a default was entered on January 31, 2008. Upon default, the well-pleaded allegations of the complaint relating to liability are

taken as true. <u>TeleVideo Systems, Inc. v. Heidenthal</u>, 826 Feed.2nd 915, 917 (9th Cir 1987). In most instances, the court's attention should be focused only on issues relating to the quantity of damages, as opposed to issues of liability. <u>Black v. Lane</u>, 22 Fed.3rd 1395, 1395 (7th Cir. 1994). Here, however, the issues may be inextricable. Plaintiff seeks statutory damages under, among other statutes, the FDCPA. In determining the amount of damages to award under the FDCPA the court is to consider, among other factors, "the frequency and persistence of noncompliance [with the FDCPA] by the debt collector [and] the nature of such noncompliance". 15 U.S.C. § 1692k(b)(1). For this reason, the facts relating to the defendant's noncompliance with the law are discussed in some detail below.

## III. STATEMENT OF FACTS

Plaintiff, Mr. Nguyen is a 59-year old Vietnamese immigrant who works as a lamination technician to support his family. Declaration of Tung X. Nguyen (hereafter 'Nguyen Decl') ¶¶ 2-4. Defendant VNF is engaged in debt collection.

On or about November 6, 2006, VNF sent a letter demanding payment for an alleged debt in the amount of $22,685.00. *Complaint* ¶7. This was the first letter VNF sent to Mr. Nguyen regarding the alleged debt. *Complaint* ¶7. On November 8, 2006, Mr. Nguyen sent a responding letter to VNF disputing that he was the person who incurred the alleged debt. *Complaint* ¶8.

Nonetheless, VNF failed to provide validation documents and instead commenced a lawsuit against Mr. Nguyen in Superior Court in the County of Santa Clara for the debts alleged in the November 6, 2006 letter. *Complaint* ¶¶9-10. On or about February 21, 2007, VNF obtained a default judgment against Mr. Nguyen. *Complaint* ¶11. Subsequently on March 2, 2007 Mr. Nguyen received a written Notice of Lien with an attached abstract of judgment.

*Complaint* ¶12.

Importantly, the Social Security number listed on the Abstract of Judgment was not that of Mr. Nguyen's. *Complaint* ¶13. In fact, VNF affirmatively acknowledged that Mr. Nguyen was not the true debtor. *Complaint* ¶¶14-15. However, VNF refused to stipulate to set aside the default judgment. *Complaint* ¶15. As a result, Mr. Nguyen's counsel were required to spend a number of hours drafting and filing a motion to met aside the state court default judgment; the motion was eventually granted. *Complaint* ¶15. The state court case against Mr. Nguyen was eventually dismissed.

Mr. Nguyen through his counsel has repeatedly requested that VNF provide him with a Release of Lien. *Complaint* ¶16. These requests have been ignored by VNF. *Complaint* ¶16.

## IV. TUNG X. NGUYEN IS ENTITLED TO AN AWARD OF DAMAGES

### A. **Mr. Nguyen is entitled to $1,000 in statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A).**

The FDCPA states that "[a]ny debt collector who fails to comply with any provision is liable to such person in an amount equal to... in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. §1692k(a)(2)(A)[1]. The Act also provides that:

> [i]n determining the amount of liability in any action under subsection(a), the court shall consider, among other relevant factors . . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional.

§1692k(b)(1). Here the defendant has violated at least two individual provisions of the FDCPA,

---

[1] All subsequent references to §1692 are to Title 15 of the U.S. Code

as detailed below.

### 1. VNF Violated §1692g(b) By Failing to Provide Written Verification of the Disputed Debt

The FDCPA provides that:

> [i]f the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, . . . the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, . . . and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

§1692g(b).

Mr. Nguyen's response to VNF's letter included a statement that, "I never have an account with Citibank . . ." *Complaint* ¶8. From these words, it is clear that Mr. Nguyen was disputing the alleged debt which VNF was attempting to collect. Furthermore, since Mr. Nguyen responded in writing in two days, his dispute was well within the statutory period of 30 days. *Complaint* ¶8. The next action that should have been taken, but was not, was written verification of the alleged debt mailed to Mr. Nguyen by VNF. *Complaint* ¶9. The lack of this procedure effectively barred VNF from any further collection activities. *See* Taylor v. Fink 1994 WL 669605, 4-5 (N.D. Ill. 1994) (stating that "[t]he debt collector . . . must cease his efforts at collection . . . during the interval between being asked for verification of the debt and mailing the verification to the debtor".)

When VNF commenced an action in Superior Court on November 30, 2006 it violated §1692g(b). At no point prior to filing suit did VNF provide a validation letter to Mr. Nguyen. The actions of VNF undermined "one of the principal purposes of [§1692g(b) which] is to help consumers who have been misidentified by the debt collector or who dispute the amount of the

debt". FTC Agency Letter, March 10, 1993 (Wollman). By failing to provide written verification of the alleged debt in response to Mr. Nguyen's letter dated November 08, 2006, and failing to cease collection of the alleged debt by bringing a civil cause of action in Superior Court, VNF violated §1692g(b). *Complaint* ¶¶9-10.

### 2. VNF Violated §1692f By Refusing to Voluntarily Set Aside a Default Judgment Against a Person Known Not to be the True Debtor and Refusing to Voluntarily Provide a Release of Lien

The FDCPA provides that, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." §1692f. In addition to the general rule stated in §1692f, Congress enumerated several examples of circumstances illustrative of either unfair or unconscionable practices.[2] Being sure not to foreclose other situations which might rise to at least the level of those violations enumerated, "Congress employed general language to 'enable the courts, where appropriate, to proscribe . . . improper conduct which is not specifically addressed.'"[3] Additionally, courts have stated, "since the statute is remedial in nature, its terms must be construed in liberal fashion if the underlying Congressional purpose is to be effectuated." N. C. Freed Co., Inc. v. Board of Governors of Federal Reserve System, 473 F.2d 1210, 1214 (2d Cir. 1973).

Previous courts have found less egregious and flagrant acts to be in violation of §1692f.

---

[2] Masuda v. Thomas Richards & Co., 759 F.Supp 1456, 1461 footnote 10 (C.D. Cal. 1991) (stating, "[t]he specific provisions of § 1692f forbid debt collectors from collecting an amount greater than the amount owed, causing charges for communications to be billed to the consumer, taking or threatening to take nonjudicial action to repossess property, communicating with a consumer about a debt by postcard, using language besides a return address on envelopes sent to a debtor, and taking certain actions in connection with a debtor's postdated check.)

[3] Masuda v. Thomas Richards & Co., 759 F.Supp 1456, 1461 fn 10 (C.D. Cal. 1991) (citing S.Rep. No. 95-832, 95th Cong., 1st Sess. 4, reprinted in 1977 U.S. Code Cong. & Admin.News 1695, 1698).

See Masuda v. Thomas Richards & Co., 759 F.Supp. 1456 (C.D. Cal. 1991) (holding debt collector's use of a form letter which was signed by an independent attorney who had no knowledge of, and had not conferred with the debt collector concerning the particular debt to which the letter refers engaged in an "unfair" collection practice); Kimber v. Federal Financial Corp., 668 F.Supp. 1480 (M.D. Ala. 1987) (holding that debt collector's attempt to sue on a time barred debt was unjust and "unfair" in violation of §1692f).

Here, VNF's actions of: (1) refusing to set aside the default judgment obtained against Mr. Nguyen after acknowledging that he was not the true debtor, (*Complaint* ¶15), and (2) refusing to release the judgment lien attached to Mr. Nguyen's real property, (*Complaint* ¶16), collectively constitute unfair and unconscionable debt collection practices. This court should find that VNF's actions violated §1692f.

### 3. This Court Should Award Mr. Nguyen the FDCPA's Maximum Statutory Damage Amount of $1,000.

The maximum statutory damage award available under the FDCPA is a modest $1,000. Courts have therefore awarded the maximum statutory amount of damages even when the violations of the FDCPA were found to be less numerous and egregious than those in the instant case. In Riviera v. M.A.B., 682 F.Supp. 174 (W.D.N.Y. 1988), the court awarded the maximum of $1,000 because the validation notice required by §1692g was printed on the back of the initial letter in relatively small print, with no indication on the front of the letter as to its location. In Tolentino v. Friedman, 46 F.3d 645 (7th Cir. 1995), the Seventh Circuit upheld the maximum statutory award of $1,000 despite finding that only one provision of the FDCPA had been proven. In that case the debt collector had included the disclosure required by §1692e(11) in its initial

notice, but had failed to include it in a subsequent notice. The violations of the FDCPA here are more meaningful than in those cases, and therefore the court should award the maximum amount of statutory damages under §1692k(a)(2)(A) of $1,000.

### B. Mr. Nguyen is Entitled to $1,000 in Statutory Damages Pursuant to Cal Civil Code §1788.17.

California's Rosenthal Fair Debt Collection Practices Act (hereafter Rosenthal Act) provides that: "[e]very debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code." Cal. Civil Code §1788.17. Cal. Civil Code §1788.17 thus provides Mr. Nguyen with a separate *state law* remedy above and beyond the statutory damage provision provided by the *federal* FDCPA. The FDCPA expressly states:

> [t]his subchapter does not annul, alter, or affect, or exempt any person subject to the provisions of this subchapter from complying with the law of any State with respect to debt collection practices, except to the extent that those laws are in consistent with any provision of this subchapter, and then only to the extend of the inconsistency.

§1692n. Accordingly, Mr. Nguyen should be awarded $1,000 statutory damages under Cal. Civ. Code §1788.17.

### C. Mr. Nguyen is Entitled to $1,000 in Statutory Damages Pursuant to Cal. Civil Code §1788.30(b).

The Rosenthal Act provides that "[a]ny debt collector who willfully and knowingly violates this title with respect to any debt shall, in addition to actual damages . . ., also be liable to the debtor . . . for a penalty in such amount as the court may allow, which shall not be less than . . . $100 nor greater than . . . $1,000." Cal. Civil Code §1788.30(b). In the case at bar, VNF

knowingly and willingly sought a lien against Mr. Nguyen who was acknowledge as not being the true debtor. Furthermore, VNF failed to provide validation of the alleged debt as required. Thus the court should find that VNF has knowingly and willfully violated the Rosenthal Act and award the maximum statutory penalty of $1,000 under Cal. Civil Code §1788.30(b).

The total amount of statutory damages sought by Mr. Nguyen is thus $3,000 comprised of the following: $1,000 pursuant to the §1692k(a)(2)(A) of FDCPA and $2,000 pursuant to §§1788.17 and 1788.30(b) of the Rosenthal Act. At least one court has awarded $3,000 under Federal and State law for fair debt collection practices act violations which were less numerous and egregious than those found here. In Chapman v. ACB Business Services, Inc., 1997 U.S.Dist. LEXIS 23743 (S.D.W.V. 1997), the court awarded statutory damages of $1,000 under the FDCPA and $2,000 under the applicable state law after finding that the notice required by §1692g was contradicted and overshadowed by other language in the debt collection letter.

### D. Mr. Nguyen is Entitled to $4,000 in Actual Damages Pursuant to 15 U.S.C. 1692k(a)(1).

The FDCPA provides that, "any debt collector who fails to comply with any provision of this title . . . with respect to any person is liable to such person in an amount equal to the sum of . . . any actual damage sustained by such person as a result of such failure". 15 U.S.C. 1692k(a)(1). A number of courts have recognized that emotional distress is compensable as actual damages under the FDCPA. See Nelson v. Equifax Info. Servs. LLC, 522 F. Supp. 2d 1222 (C.D.Cal. 2007) (awarding $85,000 in actual damages); Chiverton v. Fed. Fin. Group, Inc., 399 F. Supp. 2d 96 (D. Conn. 2005) (awarding $5,000 in actual damages); Teng v. Metropolitan Retail Recovery, 851 F. Supp. 61 (E.D.N.Y. 1994) (awarding $1,000 in actual damages).

The actions of Van Nuys Financial caused Mr. Nguyen to suffer several forms of

emotional distress. Mr. Nguyen has suffered from anxiety, decreased sleep, headaches, and increased systolic blood pressure. *Nguyen Decl.* ¶¶*10-11*. While such emotional distress damages are difficult to quantify, it would seem appropriate to award Mr. Nguyen $4,000 under these facts. (Compare <u>Grassley v. Debt Collectors,</u> 1992 U.S. Dist. LEXIS 22782 (D. Or. Dec. 14, 1992) awarding $1,000 for "a small degree of upset)".

## VI. MR. NGUYEN HAS A STATUTORY RIGHT TO ATTORNEYS' FEES

Both the FDCPA and the Rosenthal Act direct a court to award attorneys fees to a prevailing consumer. §1692k(a)(3) & Cal. Civil Code §1788.30(c). A number of cases decided under §1692k have held that if the plaintiff prevails, an attorney fee award is required. *See, e.g.* <u>Zagorski v. Midwest Billing Services, Inc.</u>, 178 F.3d 1164 (7th Cir. 1997) (holding it was an abuse of discretion not to award attorney fees following a stipulated judgment in the amount of $100; and, directing court to award fees sufficient to compensate the attorney for the time spent on the case in order to encourage enforcement of the FDCPA); <u>Pipiles v. Credit Bureau, Inc</u>, 886 F.2d 22 (2d Cir. 1989) (directing trial court to award fees on remand despite the lack of actual or statutory damages because plaintiff had demonstrated that defendant violated the FDCPA); <u>Perez v. Perkiss</u>, 742 F.Supp. 883 (D. Del. 1990) (awarding plaintiffs' legal services attorneys $10,110 after a half-day jury trial in which plaintiff was awarded $1,200 in damages).

### A. <u>Computation of Reasonable Attorneys' Fees</u>

The accepted method of calculating attorneys' fees for FDCPA cases is the "touchstone" or "lodestar" method. <u>Tolentino v. Friedman</u>, 46 F.3d 645 (7th Cir. 1995) (holding that attorneys who successfully represent consumers must be paid at market rates). Under the lodestar method, the trial court determines the number of hours reasonably spent by counsel on the case and the

reasonable hourly compensation for each attorney. Serrano v. Priest, 20 Cal. 3d 25, 48-49 (1997) (Serrano III). Multiplying the hours reasonably worked by the reasonable hourly rate produces a figure known as the "lodestar".

B. **The Number of Hours Claimed by Plaintiff's Attorneys is Reasonable**

The initial step in computing the lodestar amount is calculating the reasonable hours that counsel worked on the case. Where a plaintiff has prevailed, his attorneys should recover a fully compensatory fee. A full compensatory fee will encompass all hours reasonably spent on the matter. Serrano v. Unruh, 32 Cal.3d 621, 633 (1982) (Serrano IV); Sundance v. Municipal Court, 192 Cal. App.3d 268, 273-274 (1987). The reasonable hours will generally include all time spent on pre-trial matters, settlement negotiation, discovery, litigation tactics, and the trial itself. Stokus v. Marsh, 217 Cal. App. 3d 647, 656 (1990) (allowing compensation for pre-trial legal services including issue evaluation, discovery, trial preparation, and preparation of trial memorandum).

Here, the following advocates devoted the following amounts of time to this matter:

//

| Advocate | Total Hours | Job Title |
| --- | --- | --- |
| Reuben Castillo | 4.1 | Certified Paralegal |
| Sharon Au | 7.4 | Law student |
| Erica Pun | 22.1 | Law student |
| Julius Jefferson | 11 | Law student |
| Mark Reedy | 2.4 | Attorney |
|  | 46.3 |  |

The number of hours submitted by Plaintiff's attorneys is reasonable because it reflects the

following conservative guidelines: 1) no time was charged for clerical work, such as copying and filing; 2) minimal time was charged for the time Law Center attorneys spent supervising law students, even though all actions by those students was pre-approved by the attorneys; 3) no time was charged for the time students spent to familiarize themselves with the basics of the relevant statutes; 4) in order to ensure that the time charged was "reasonably necessary", law student time was reduced by a factor of at least (that is, 50% of actual hours were typically charged) for the time spent by law students on legal research and written materials.

As shown above and in the time logs attached as Exhibit A to the Declaration of Scott Maurer, the Plaintiff seeks compensation for a total of 46.3 hours which his advocates devoted to this case - and the state court case - to date. Because the filing of the state court case formed the basis of the FDCPA violation complained of here, the fees incurred in state court are recoverable here. Venes v. Professional Service Bureau, Inc., 353 N.W.2d 671, 675 (Minn. Ct. App. 1984). No fees were sought or awarded in the state court case upon its dismissal. Maurer Decl. ¶8.

C. **The Hourly Rates Claimed by Plaintiff's Attorneys are Reasonable**

The second step in calculating the lodestar amount is determining a reasonable hourly rate. When determining whether the rate is reasonable, courts consider an attorney's skill, experience and expertise; the nature of the work performed; the attorneys' customary billing rate; and the prevailing market rates charged by attorneys of similar skill and experience for comparable services in the community. Serrano IV, supra, 32 Cal.3d at 643.

The rates charged by the various advocates in this case are more than reasonable in light of their skill, experience and expertise, and the prevailing market rates charged by attorneys and advocates of similar skill and experience. *Maurer Decl.* ¶¶ 3-6 (setting forth facts in support of

$290/hour rate sought). In addition, the use of law students for the majority of the work on this case, as well as the low rate for their work ($150/hour), further demonstrates the reasonableness of the rates.

### D. **Lodestar Amount**

The final step in calculating the fee portion of the lodestar amount is multiplying the hours reasonably worked by the reasonable hourly rate. As demonstrated above in Section I of this brief and in the fee logs attached as Exhibit A to the *Maurer Decl.*, plaintiff's attorneys have expended 46.3 hours in the prosecution of this matter, and that they should be awarded $7,178.50 for that time.

The plaintiff has also incurred $745 in costs. Plaintiff is entitled to recovery of those costs under §1692k(a)(3).

### E. **Neither the Fact That Plaintiff Was Represented Without Charge Nor the Size of Plaintiff's Award Should Limit Plaintiff's Fee Award**

A party's entitlement to fees is not affected by the fact that the attorneys for whom fees are being claimed were funded by charitable sources or agreed to represent the party without charge. Blum v. Stenson, 465 US 886 (1984), Folsom v. Butte County Ass'n of Govt's, 32 Cal.3d 668, 681 (1982). Paralegal, law clerk, and law student time is compensable at prevailing market rates, even if it is volunteered. Sundance v. Municipal Court, 192 Cal.App.3d 268, 274 (1987); Missouri v. Jenkins, 491 US 274, 286 (1989). Courts have consistently awarded prevailing parties the full amount of the lodestar, even in cases where the monetary relief is relatively small, or only injunctive relief is obtained. City of Riverside v. Rivera, 477 US 561 (1986); Stokus v. Marsh, 217 Cal.App.3d 647 (1990).

For all the reasons listed above, Mr. Nguyen seeks a total judgment in the amount of

$14,923.50. A proposed form of judgment and a proposed order are filed herewith.

## VI. CONCLUSION

The purpose of statutory penalties is to deter the kind of unlawful conduct which occurred in this case. As explained in preceding sections of this brief, Van Nuys Financial failed to comply with several sections of the FDCPA in addition to sections of the Rosenthal Act. For all the reasons stated above, Mr. Nguyen requests an award of $7,000.

Additionally, Mr. Nguyen should be awarded attorneys fees for all time reasonably expended on the case. Plaintiff's attorneys have demonstrated that they reasonably expended 46.3 hours in the prosecution of this matter, and that they should be awarded $7178.50 for that time. Mr. Nguyen is also entitled to $745 in costs. Therefore the total amount of the default judgment should be $14,923.50.

Dated: April 23, 2008               Respectfully submitted,

                                    ALEXANDER COMMUNITY LAW CENTER

                                    _____
                                    Julius Shaun Jefferson, Certified Law Student*

                                    _____
                                    Scott Maurer, Supervising Attorney*

*Pursuant to the State Bar Rules Governing the Practical Training of Law Students