1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**E-Filed 8/8/2008**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| TUNG X. NGUYEN,<br><br>               Plaintiff,<br><br>       v.<br><br>ROY GADRI d/b/a/ VAN NUYS FINANCIAL,<br><br>               Defendant. | Case Number C07-5218<br><br>ORDER[1] GRANTING DEFAULT JUDGMENT AND RELEASE OF LIEN<br><br>[re: docket no. 12] |

On October 11, 2007, Plaintiff Tung X. Nguyen ("Nguyen") filed the instant action asserting claims against Defendant Roy Gadri d/b/a/ Van Nuys Financial ("VNF") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), the California Rosenthal Fair Dept Collection Practices Act ("California Rosenthal Act") and California Civil Code § 1812.700 *et seq.*  The summons and complaint were served on VNF on December 19, 2007.  Plaintiff moves for entry of default judgment and release of lien.  Nguyen's application is supported by the declarations of Erica Pun, Tung X and Scott Maurer.  VNF did not appear at the hearing on June 27, 2008.

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 07-5218
ORDER GRANTING DEFAULT JUDGMENT AND RELEASE OF LIEN
(JFLC1)

1    In light of VNF's failure to appear in this action, the Court will grant Ngyen's motion.

2    Ngyen seeks statutory damages, actual damages and attorney's fees and costs.  Under the

3    FDCPA, '[a]ny" debt collector who fails to comply with any provision is liable to such person in

4    an amount equal to . . . in the case of any action by any individual, such additional damages as

5    the court may allow, but not exceeding $1,000."  15 U.S.C. § 1692(a)(2)(A).  A plaintiff who

6    recovers statutory damages under the FDCPA is not precluded from also recovering damages

7    under state law.[2]  The California's Rosenthal Act provides that any debt collector who violates its

8    provisions also may  be liable "for a penalty in such amount as the court may allow, which shall

9    not be less than . . . $100 nor greater than $1,000."  Cal Civil Code § 1788.30(b)

10   The Court finds and concludes that Nguyen is entitled to the following relief:

11   1. Statutory damages of $2,000.00

12   2. Actual damages of $4,000.00

13   3. Attorneys fees of $7,178.50[3]

14   4.  Costs of $745.00

15   5.  Release of lien.

16       Good cause having been shown, and without opposition, the application for default

17   judgment is GRANTED.

18

19

20       [2] . The FDCPA provides that:

21

22       [t]his subchapter does not annul, alter, or affect, or exempt any person subject to
         the provisions fo this subchapter from complying with the law of any State with
23       respect to debt collection practices, except to the extent that those laws are
         inconsistent with any provision of this subchapter, and then only to the extent of
24       te inconsistency.

25   15 U.S.C. § 1692n.

26
         [3] Nguyen's counsel have demonstrated that they reasonably expended 46.3 hours in the
27   prosecution of this matter and that they are entitled to the reasonable rate of $290 per hour for
     work performed by attorneys and $150 per hour for work performed by law students.  *See* Maurer
28   Declaration.

Case No. C 07-5218
ORDER GRANTING DEFAULT JUDGMENT AND RELEASE OF LIEN
(JFLC1)

1    IT IS SO ORDERED.

2

3    DATED: August 8, 2008.

4

5    _____
     JEREMY FOGEL
6    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

1    This Order has been served upon the following persons:

2

3    Scott C. Maurer        smaurer@scu.edu

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. C 07-5218
ORDER GRANTING DEFAULT JUDGMENT AND RELEASE OF LIEN
(JFLC1)